Edward J. Maney, Trustee
P.O. Box 10434
Phoenix, Arizona 85064
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:

    DANIEL C. GOFF,
    KAREN J. GUNDERSEN-GOFF,

(Debtor(s))

CHAPTER 13 PROCEEDINGS

CASE NO. B-09-06785-PHX-RTB

TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED

RE: CHAPTER 13 PLAN

Edward J. Maney, Trustee, has analyzed the Debtors' Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

f. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

Trustee's Recommendation
Case No.#09-06785-PHX-RTB
Page #2

g. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

**Specific Recommendations:**

1. The Plan proposes payment of a secured claim to JPMorgan/Chase [business debt] who has filed no secured proof of claim. The Trustee requires that the Debtor(s) provide verification of the creditor(s)' security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provides language as follows: "The Trustee has authority to pay on the secured debt owed to JP Morgan/Chase even though the creditor has filed no secured proof of claim, but the Plan and this Order are not to be considered an informal proof of claim for any creditor." If the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed Order Confirming Plan <u>after</u> filing a motion and providing 25 days' notice to the creditor of the intent to delete the proposed secured treatment from the Plan.

2. The Trustee requires the debtors prove plan payment feasibility as their budget Schedules I and J reveal a disposable income of only $162 per month, when their proposed plan payment is $1,600.

3. Ford Motor Credit has filed an objection to the Plan. The Trustee requires the objection to be resolved prior to confirmation of the Plan. The Trustee's analysis reveals a $4,572 funding shortfall, which must be cured before the Plan can be confirmed.

    In summary, Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled zero equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to address items #2, #3 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Dated: [see electronic signature]

_____
Edward J. Maney, Trustee

Copies of the forgoing
Mailed on [see electronic signature],
to the following:

Daniel Goff
Karen Gundersen-Goff
24421 N. 59th Ave.
Glendale, AZ 85310
Debtors

Nathan J. Brelsford, Esq.
2942 N. 24th Street
Suite #109
Phoenix, AZ 85016
Debtors' counsel

By:_____
Trustee's Clerk